HARMEET K. DHILLON
  Assistant Attorney General
ROBERT J. KEENAN
  Acting Deputy Assistant Attorney General
ERIC V. NEFF
  Acting Chief, Voting Section
  Civil Rights Division
  U.S. Department of Justice
  150 M St. NE, Ste. 8-1807
  Washington, D.C. 20002
  Telephone: (202) 307-2767
  Email: Eric.Neff@usdoj.gov

LINDSEY HALLIGAN
  United States Attorney & Special Attorney
  United States Attorney's Office
  Eastern District of Virginia
  2100 Jamieson Avenue
  Alexandria, VA  22314

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

## RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **COMPLAINT** |
| v. | |
| SUSAN BEALS, in her Official Capacity as Commissioner of the Virginia Department of Elections, | |
| Defendant. | |

1

**INTRODUCTION**

1.    Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve … *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

2.    Title III likewise grants the Attorney General the sweeping power to obtain these records:  "Any record or paper required by [section 301] to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703.  The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3.    If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225.  The Attorney General or her representative may request a Federal court to issue an order directing the officer of election to produce the

demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4.    In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703).  The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce." *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703).

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a), and 52 U.S.C. § 20705.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and the Defendant is located in and conducts election administration activities in this District.   *See* 52 U.S.C. § 20705.

**PARTIES**

7.      Plaintiff is the Attorney General of the United States, filing in the name of and on behalf of the United States of America.  The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), *id.* § 20510(a); and Title III of the Help America Vote Act ("HAVA"), *id.* § 21111.

8.      Defendant Susan Beals, an appointee of Governor Glenn Youngkin, is sued in her official capacity as Commissioner of the Virgina Department of Elections, the chief State election official responsible for complying with Virginia's responsibilities under federal election law.  *See* 52 U.S.C. § 20706; 52 U.S.C. § 20509; Va. Stat. § 24.2-102(B).

## BACKGROUND

9.      This proceeding arises from the Attorney General's investigation into Virginia's compliance with federal election law, particularly the NVRA and HAVA.

10.      Both the NVRA and HAVA require States to maintain and preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

**The National Voter Registration Act**

11.      The NVRA requires each state to "designate a State officer or employee as the chief State election official to be responsible for coordination of State

responsibilities" under the NVRA.  52 U.S.C. § 20509.  Commissioner Beals is the chief election official of the State of Virginia.

12.    The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]"  52 U.S.C. § 20507(a)(4)

13.    The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…."  52 U.S.C. § 20507(i)(1).

### The Help America Vote Act

14.    HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

15.    HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain

identifying information from the applicants, namely, a Driver's License number for those who possess a valid one, the last four digits of a social security number for those who do not possess a valid Drivers' license, and for those who have neither a unique identifier. *Id.* § 21083(a)(5)(A).

## The Civil Rights Act

16.    Congress empowered the Attorney General to request records pursuant to Title III of the CRA, codified at 52 U.S.C. § 20701, *et seq.*

17.    Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701, *et seq.*

18.    Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by Section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative…." 52 U.S.C. § 20703.

## FACTUAL ALLEGATIONS

19.    The United States Election Assistance Commission ("EAC") — "an independent, bipartisan commission whose mission is to help election officials

improve the administration of elections and help Americans participate in the election process" — conducts a biennial Election Administration and Voting Survey ("EAVS").  EAC, *About the EAC*, http://eac.gov/about (last visited Nov. 14, 2025).

20.    For the EAC's most recent report, "Election Administration and Voting Survey 2024 Comprehensive Report: A Report from the U.S. Election Assistance Commission to the 119th Congress" ("2024 EAVS Report"), States "reported data on their efforts to keep voter registration lists current and accurate, known as list maintenance."  EAC, 2024 EAVS Report at 7.[1]

21.    Based on a review of the 2024 EAVS Report, the Attorney General sent a letter to Commissioner Beals on July 15, 2025, seeking information regarding Virginia's compliance with federal election law.  *See* Letter from Attorney General to Commissioner Beals ("July 15 Letter").

22.    The July 15 Letter requested a copy of Virginia's statewide voter registration list ("SVRL") within fourteen days of the date of the letter.  The July 15 Letter also requested that the SVRL contain "all fields" required under Section 303 of HAVA.

---

[1] https://www.eac.gov/sites/default/files/2025-07/2024_EAVS_Report_508.pdf (last visited January 16, 2025).

23.    The July 15 Letter further requested that Commissioner Beals produce the requested information and records by encrypted email or via the Department's secure file-sharing system, Justice Enterprise File Sharing (JEFS).

24.    The July 15 letter identified data Virginia reported to the EAC, published in the 2024 EAVS report, that the United States desired explanations for. This Virginia data included: registration rate (*i.e.*, percentage of citizen voting age population registered to vote) of 92.2 percent, confirmation notice rate of 8.8 percent (versus 19.5 percent national average), and duplicate registration rate of 33.2 percent (versus 12.7 percent national average).

25.    On August 14, 2025, the United States sent another letter requesting that pursuant to the CRA Virginia needed to provide Virginia's SVRL with all fields ("August 14 Letter").

26.    The August 14 letter explained that the basis of the SVRL request was that the CRA requires the SVRL to be made available to the Attorney General upon her demand.

27.    The August 14 letter stated that the purpose of the request was to "ascertain Virginia's compliance with the list maintenance requirements of the NVRA and HAVA."

28.    The United States and representatives for Commissioner Beals had extensive discussions in the months subsequent to the July 15 and August 14 Letters.

On January 8, 2026, representatives for Commissioner Beals expressed in person that she would not be providing the SVRL.  Despite various representations and commitments by members of the Youngkin administration to produce Virginia's SVRL, the SVRL has not been provided to the United States as of this date.

29.    Such failures and refusals constitute a failure to comply with federal law.

## CLAIM FOR RELIEF

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960
## 52 U.S.C. § 20703

30.    The United States realleges and incorporates by reference the allegations set forth in all of the foregoing paragraphs.

31.    On July 15 and August 14, 2025, the Attorney General sent collective written demands to Commissioner Beals for the production of specific election records pursuant to 52 U.S.C. § 20703.

32.    The written demands "contain[ed] a statement of the basis and the purpose therefor."  52 U.S.C. § 20703.

33.    On January 8, 2026, Commisioner Beals refused to provide the records requested, and she has continued to do so as of this date.

## PRAYER FOR RELIEF

34.    Wherefore, the United States respectfully requests this Court:

a. Declare that Defendant's refusal to provide the election records upon a demand by the Attorney General or her representative violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703; and

b. Order Commissioner Beals to provide to the Attorney General or her representative the current electronic copy of Virginia's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number, the last four digits of their Social Security number, or HAVA unique identifier as required by 52 U.S.C. § 21083 within 5 days of a Court order.

DATED: January 16, 2026.                    Respectfully submitted,

LINDSEY HALLIGAN                            HARMEET K. DHILLON
  United States Attorney & Special            Assistant Attorney General
  Attorney                                    Civil Rights Division
  Eastern District of Virginia              ROBERT J. KEENAN
                                              Acting Deputy Assistant Attorney General
                                              Civil Rights Division

                                              ___/s/  Eric V. Neff___
                                              ERIC V. NEFF
                                                Acting Chief, Voting Section
                                                Civil Rights Division
                                                U.S. Department of Justice
                                                150 M Street NE, Room 8-1807
                                                Washington, D.C. 20002
                                                Telephone: (202) 307-2767
                                                Email: Eric.Neff@usdoj.gov