HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

JOHN R. CASALI
RAYMOND YANG
Trial Attorneys, Voting Section
Civil Rights Division

*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN KOSKI, in his Official Capacity as Commissioner of the Virginia Department of Elections,<br><br>Defendant. | Civil Case No.: 3:26-cv-00042-RCY<br><br>**FIRST AMENDED COMPLAINT** |

## <u>COMPLAINT</u>

1.     Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain

1

and preserve … *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

2. Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by [section 301] of this title to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3. If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a federal court to issue an order directing the officer of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4. In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought . . . has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703). The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the

order to produce." *Id.*

## I.    JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); and 52 U.S.C. § 20705.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and the Defendants are located in and conducts election administration activities in this District.

## II.    PARTIES

7.     Plaintiff is the United States. The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(a); and Title III of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21111.

8.     Defendant Steven Koski, an appointee of Governor Abigail Spanberger, is sued in his official capacity as Commissioner of the Virginia Department of Elections[1], the chief State election official responsible for complying with Virginia's responsibilities under federal election law. *See* 52 U.S.C. § 20706; 52 U.S.C. § 20509; Va. Stat. § 24.2-102(B).

## III.    BACKGROUND

9.     This proceeding arises from the Attorney General's investigation into Virginia's

---

[1] Defendant Koski replaces Defendant Susan Beals in her Official Capacity as Commissioner of the Virginia Department of Elections.

compliance with federal election law, particularly the CRA, NVRA, and HAVA.

10.    Both the NVRA and HAVA require States to maintain and preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

### The National Voter Registration Act

11.    The NVRA requires each state to "designate a state officer or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA. 52 U.S.C. § 20509. The NVRA includes as a definition that the term "'State' means a State of the United States and the District of Columbia." 52 U.S.C. § 20502(4).

12.    The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. § 20507(a)(4).

13.    The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…." 52 U.S.C. § 20507(i)(1).

### The Help America Vote Act

14.    HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

15.    HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-

4

registration applications without obtaining and verifying certain identifying information from the applicants, namely, a driver's license number for those who possess a valid one, the last four digits of a social security number for those who do not possess a valid drivers' license, and for those who have neither, a unique identifier, 52 U.S.C. § 21083(a)(5)(A).

**The Civil Rights Act**

16.    Congress empowered the Attorney General to request records pursuant to Title III of the CRA, codified at 52 U.S.C. § 20701, *et seq.*

17.    Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of twenty-two months after any federal general, special, or primary election. *See* 52 U.S.C. § 20701, *et seq.*

18.    Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by [52 U.S.C. § 20701] of this title to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative." 52 U.S.C. § 20703.

### IV.    FACTUAL ALLEGATIONS

19.    The United States Election Assistance Commission ("EAC") – "an independent, bipartisan commission whose mission is to help election officials improve the administration of elections and help American participate in the election process" – conducts a biennial Election Administration and Voting Survey ("EAVS"). EAC, *About the EAC*, http://eac.gov/about (last visited March 13, 2026).

5

20.    For the EAC's most recent report, "Election Administration and Voting Survey 2024 Comprehensive Report: A Report from the U.S. Election Assistance Commission to the 119th Congress" ("2024 EAVS Report"), States "reported data on their efforts to keep voter registration lists current and accurate, known as list maintenance." EAC, 2024 EAVS Report at 7.[2]

21.    Based on a review of the 2024 EAVS Report, the Attorney General sent a letter to Commissioner Beals—Defendant Koski's predecessor—on July 15, 2025, seeking information regarding Virginia's compliance with federal election law. *See* Letter from Attorney General to Commissioner Beals ("July 15 Letter").

22.    The July 15 Letter stated that the purpose of the request is to ascertain compliance with the list maintenance requirements of the NVRA and HAVA. The letter requested a copy of Virginia's statewide voter registration list ("SVRL") within fourteen days of the date of the letter. The July 15 Letter also requested that the SVRL contain "all fields" required under Section 3030 of HAVA.

23.    The July 15 Letter further stated that the SVRL and all other federal election records that were produced would be maintained according to all applicable federal laws, including Section 304 of the CRA and the Privacy Act. The August 14 Letter also explained to Defendants that "HAVA specifies that the 'last [four] digits of a social security number . . . shall not be considered to be a social security number for purposes of section 7 of the Privacy Act of 1974.'" 5 U.S.C. § 552a note; 52 U.S.C. § 21083(c). In addition, any prohibition of

---

[2] https://eac.gov/sites/default/files/2025-07/2024_EAVS_Report_508.pdf (last visited March 19, 2026).

disclosure of a motor vehicle record contained in the Driver's Privacy Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Department is now doing.

24.     The July 15 Letter identified data Virginia reported to the EAC, published in the 2024 EAVS report, that the United States desired explanations for. This Virginia data included: registration rate (*i.e.* percentage of citizens voting age population registered to vote) of 92.2 percent, confirmation notice rate of 8.8 percent (versus 19.5 percent national average), and duplicate registration rate of 33.2 percent (versus 12.7 percent national average).

25.     On August 14, 2025, the United States sent another letter requesting that, pursuant to the CRA, Virginia needed to provide an SVRL with all fields ("August 14 Letter").

26.     The August 14 Letter stated that the purpose of the request was to "ascertain Virginia's compliance with the list maintenance requirements of the NVRA and HAVA."

27.     The United States and representatives for Commissioner Beals had discussions in the months subsequent to the July 15 and August 14 Letters. On January 8, 2026, representatives for Commissioner Beals expressed in person that she would not be providing the SVRL. Despite representations and commitments by members of the Youngkin administration to produce Virginia's SVRL, the SVRL has not been provided to the United States as of this date.

28.     On January 17, 2026, Abigail Spanberger was sworn in as Governor of the Commonwealth of Virginia, and appointed Defendant Koski to be the Commissioner of the Virginia Department of Elections. This litigation has been pending since. To date, the

7

Spanberger administration has not provided any documents responsive to the United States' outstanding demand for records.

## COUNT ONE

### VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

29.    On August 14, 2025, the Attorney General sent a written demand to Defendant Commissioner of the Virginia Department of Elections for the production of specific election records pursuant to 52 U.S.C. § 20703.

30.    The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

31.    Defendants have refused to provide the records requested.

Wherefore, the United States respectfully requests this Court:

A. Declare that Defendants' refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703;

B. Order Defendants to provide to the Attorney General the current electronic copy of Virginia's computerized voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their driver's license number, the last four digits of their Social Security number, or HAVA unique identifier as required by 52 U.S.C. § 21083 within 5 days of a Court order.

8

DATED: March 19, 2026                          Respectfully submitted,

                                               HARMEET K. DHILLON
                                               Assistant Attorney General
                                               Civil Rights Division

                                               ROBERT J. KEENAN
                                               Acting Deputy Assistant Attorney General
                                               Civil Rights Division

                                               ERIC V. NEFF
                                               Acting Chief, Voting Section
                                               Civil Rights Division


                                               */s/ John R. Casali*
                                               JOHN R. CASALI
                                               RAYMOND YANG
                                               Trial Attorneys, Voting Section
                                               Civil Rights Division
                                               4 Constitution Square
                                               150 M Street NE, Room 8.141
                                               Washington, D.C. 20002
                                               john.casali@usdoj.gov
                                               Tel. (202) 316-8087

                                               Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026 a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ *John R. Casali*
JOHN R. CASALI
Trial Attorney, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
john.casali@usdoj.gov
Tel. (202) 316-8087