IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,      )
        Plaintiff,       )
                    )
      v.               )      Civil Action No. 3:26CV42 (RCY)
                    )
STEVEN KOSKI, *in his official capacity*  )
*as Commissioner of the Virginia*     )
*Department of Elections*,       )
        Defendant.     )
                    )

**MEMORANDUM ORDER**

In this suit, the United States seeks production of Virginia state election records pursuant to Title III of the Civil Rights Act of 1960, specifically 52 U.S.C. § 20703. Am. Compl. ¶¶ 29–31, ECF No. 28. This matter is before the Court on two Motions to Intervene. In the first Motion (ECF No. 6), the National Association for the Advancement of Colored People (NAACP) and the NAACP Virginia State Conference (together, "NAACP Proposed Intervenors") seek to intervene in the above-styled matter as defendants pursuant to Federal Rule of Civil Procedure Rule 24(a), governing intervention as of right, or, alternatively, pursuant to Rule 24(b), governing permissive intervention. NAACP Mem. Supp. Mot. Intervene 1. In the second Motion (ECF No. 15), Common Cause, a non-profit organization, and Ms. Katherine Ellena, an individual Virginia voter, (together, "Common Cause Proposed Intervenors") also seek intervention as of right, or alternatively, permissive intervention. The Court understands that the United States takes no position on the first Motion and consents to the second. NAACP Mot. Intervene 1; Common Cause Mot. Intervene 2. The Court further understands that Commissioner Steven Koski does not oppose either motion. *See* Not. Position, ECF No. 38.

Federal Rule of Civil Procedure 24 regulates when a movant may intervene in an ongoing

federal suit. *Democratic Party of Va. v. Brink*, 2022 WL 330183, at *1 (E.D. Va. Feb. 3, 2022). Rule 24(b) governing permissive intervention instructs that, "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1). The decision to allow permissive intervention lies "within the sound discretion of the trial court." *Smith v. Pennington,* 352 F.3d 884, 892 (4th Cir. 2003) (citing *Hill v. W. Elec. Co., Inc.*, 672 F.2d 381, 386 (4th Cir. 1982)). In exercising its discretion, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). "The Fourth Circuit favors 'liberal intervention . . . to dispose of as much of a controversy' as possible." *Aziz v. Trump*, 231 F. Supp. 3d 23, 29 (E.D. Va. 2017) (quoting *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986)).

The NAACP Proposed Intervenors, which have over 10,000 members in Virginia, endeavor to "represent and protect their members' interests in preventing improper disclosure of their sensitive and personal information, as well as their own organizational interests, which stand to be threatened by this action." NAACP Mem. Supp. Mot. Intervene 2. The NAACP Proposed Intervenors represent that most of their members are registered to vote, and thus, their "sensitive personal information will be disclosed to [Plaintiff] if [Plaintiff] prevails." *Id.* In their Proposed Answer to Plaintiff's Complaint, the NAACP Proposed Intervenors raise five affirmative defenses, including that the United States has failed to state a claim upon which relief can be granted, is barred from bringing its claims on the basis of laches and unclean hands, and lacks authority to bring its cause of action. NAACP Mem. Supp. Mot. Intervene Ex. 1 at 7, ECF No. 7-1.

In their Motion to Intervene, Common Cause describes its "dedicat[ion] to grassroots voter engagement and protecting voting rights and civil rights in Virginia"—work that is "at risk by the relief sought by the United States"—and identifies Ms. Katherine Ellena as "an individual

Virginia voter whose personal, private data is at risk in this litigation."  Common Cause Mot. Intervene 2.  The Common Cause Proposed Intervenors' Motion to Dismiss, filed in conjunction with the instant Motion to Intervene, foreshadows a Rule 12 defense for failure to state a claim, arguing that "the United States' demands exceed the statutory authority of the Civil Rights Act and are contrary to law."  Common Cause Mem. Supp. Mot. Intervene Ex. 2 at 25 (cleaned up), ECF No. 16-2.

The Court FINDS that both the NAACP Proposed Intervenors and the Common Cause Proposed Interventors have defenses that share with the main action common questions of law and fact stemming from a central issue:  the legality of the United States' demand for production of Virginia election records.  The organizational intervenors represent their own interests as well as aggregate groups of individuals whose data is likely included in the records at issue.  And Ms. Katherine Ellena is one such individual.  Ellena Decl. ¶ 2, ECF No. 15-2.  Based on the thoroughness of their briefing at this early stage of litigation, the Court is persuaded that each of the four proposed intervenors are likely to contribute significantly to the development of underlying issues.  *See Booker, Jr. v. Dominion Va. Power,* 2010 WL 1286698, at \*3 (E.D. Va. March 26, 2010) (citations omitted).

With regard to timeliness, the Court has no reason to believe that the intervention of either the NAACP Proposed Intervenors or the Common Cause Proposed Intervenors will unduly delay or prejudice the adjudication of the original parties' rights.  For one, no party opposes the requested intervention.  Additionally, the proposed intervenors filed the instant motions more than two months before Plaintiff served Defendant with the Amended Complaint.  As a general rule, the Court will endeavor to hold all parties to the same briefing schedule in the interest of overall case efficiency.

Accordingly, and for the reasons stated herein, the Motions to Intervene (ECF Nos. 6, 15)

3

are hereby GRANTED pursuant to Federal Rule of Civil Procedure 24(b). Because the Court authorizes the NAACP, the NAACP Virginia State Conference, Common Cause, and Ms. Katherine Ellena to permissively intervene as Defendants, the Court need not consider whether intervention as of right is warranted. *See Brink*, 2022 WL 330183, at n.3.

The intervening parties authorized herein SHALL file responsive pleading(s) that answer or otherwise respond to Plaintiff's Amended Complaint on or before May 19, 2026. Responses by any Defendant to Plaintiff's Motion to Compel Production of Records, ECF No. 39, SHALL be due on or before June 1, 2026.

Because this Order directs the NAACP Proposed Intervenors to file a responsive pleading, their separately filed Motion for Leave to File Motion to Dismiss (ECF No. 42) is DENIED AS MOOT. The NAACP Proposed Intervenors should amend their proposed Motion to Dismiss to reflect their authorized role as party Defendants and re-file the motion in the time for filing a responsive pleading authorized herein.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record, including counsel for the NAACP, the NAACP Virginia State Conference, Common Cause, and Ms. Katherine Ellena.

It is so ORDERED.

_____/s/_____
Roderick C. Young
United States District Judge

Date: May 6, 2026
Richmond, Virginia

4