

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN KOSKI, in his official capacity as Commissioner of the Virginia Department of Elections, <br><br> Defendant. | Case No. 3:3:26-cv-00042 (RCY) |

## MEMORANDUM IN SUPPORT OF MOTION FOR
## LEAVE TO FILE A BRIEF AS AMICUS CURIAE

The Democratic National Committee ("DNC") respectfully moves for leave to submit a brief in this matter as amicus curiae in opposition to the U.S. Department of Justice's Motion to Compel, ECF No. 39, and in support of Commissioner Koski's Motion to Dismiss, ECF No. 46. The DNC is the oldest continuing party committee in the United States, and its purposes and functions are to communicate the Democratic Party's position on issues, protect voter's rights, and aid the election of Democratic candidates nationwide, including by organizing citizens to vote in favor of Democratic candidates. The DNC represents millions of voters, including more than 500,000 voters who participated in the 2025 Virginia Democratic primary.

This Court should exercise its "broad discretion" to allow the DNC to file an amicus brief. *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). "Unlike the United States Supreme Court Rules and the Federal Rules of Appellate Procedure, the Federal Rules of Civil Procedure

do not specifically address the filing of briefs by *amicus curiae.*" *Perry-Bey v. City of Norfolk*, No. 2:08-cv-100, 2008 WL 11348007, at *2 (E.D. Va. 2008) (citing *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006)). Courts have allowed amicus participation "at the trial level where they provide helpful analysis of the law, they have special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Tafas*, 511 F. Supp. 2d at 659. (quoting *Bryant v. Better Bus. Bureau*, 923 F. Supp. 720, 727 (D. Md. 1996)). A proposed amicus brief must be "timely," *id.* (quoting *Bryant*, 923 F. Supp. 2d at 727–28), but any brief submitted before an "opinion has been issued" and while the matter is still pending," may meet that standard. *FERC v. Powhatan Energy Fund, LLC*, No. 3:15-cv-452, 2017 WL 11682615, at *2 (E.D. Va. Mar. 15, 2017). These considerations favor permitting DNC amicus participation.

In this case, the U.S. Department of Justice ("DOJ") demands a copy of Virginia's complete, unredacted voter file, which includes the personally identifiable information of more than 500,000 Democrats, giving the DNC a "special interest" in the litigation. *Cf. United States v. Sutton*, No. 1:21-cr-598, 2023 WL 3478484, at *2 (D.D.C. May 16, 2023) (granting leave to file an amicus brief to the National Fraternal Order of Police based on potential impact on "365,000 member officers across the country"). In turn, DOJ has deemed all registrants on the voter files it obtains to be "[s]ubjects of investigations . . . within the scope of [an] investigation into voter fraud." *Authority to Obtain and Share Statewide Voter Roll Data*, 50 Op. O.L.C. ___, slip op. at 27 (May 12, 2026), https://perma.cc/U3AZ-MSWN. Thus, this demand forces registered Democrats and unregistered citizens who favor Democratic candidates to choose between electoral participation and submission to a government investigation. Conditioning the right to vote on the release and use of private information "creates an intolerable burden on that right." *Project*

2

*Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012). In turn, the DNC has a significant protectable interest in the success of Democratic candidates, and pressure on Democrats to avoid registration or to remove themselves from the voter rolls would severely burden that interest. *See, e.g.*, *Paher v. Cegavske*, No. 3:20-cv-243, 2020 WL 2042365, at *2–3 (D. Nev. Apr. 28, 2020); *cf. Bost v. Ill. State Bd. of Elections*, 607 U.S. 71, 76–80 (2026).

The DNC would also offer substantial expertise concerning the statutes at issue: Title III of the Civil Rights Act of 1960 ("Title III"), 52 U.S.C. §§ 20701–20706; the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §§ 20501–20511; and the Help America Vote Act of 2002 ("HAVA"), 52 U.S.C. §§ 20901–21145. The DNC routinely litigates under both the NVRA and HAVA. *See, e.g.*, *Republican Nat'l Comm. v. N.C. State Bd. of Elections*, No. 5:24-cv-547 (E.D.N.C.) (HAVA); *Mi Familia Vota v. Fontes*, No. 2:22-cv-509 (D. Ariz.) (NVRA). More broadly, the DNC regularly works with state and local officials to ensure that elections are conducted in a free, fair, and lawful manner and relies on Title III's document-retention requirements when carrying out that work. The DNC's proposed amicus brief reflects its technical expertise and will be of use to this Court in resolving whether DOJ's demand for the complete, unredacted Virginia voter file sets out "the purpose" for the request, as Title III requires, *see* 52 U.S.C. § 20703, or offers mere pretext. More than a dozen courts have thus granted leave for the DNC to file amicus briefs in related cases. *See, e.g.*, Order, *United States v. Oregon*, No. 6:25-cv-1666 (D. Or. Nov. 21, 2025), ECF No. 38.

The DNC's interests are also distinct from the interests of Commissioner Koski and Intervenor-Defendants, a government official, social welfare organizations, and an individual voter. Unique among these parties, the DNC is a political organization whose interests extend

3

beyond electoral processes and participation—only the DNC has an interest in who wins elections as well. *See Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 196 (2022) (recognizing that interests of public officials and private litigants may be "related" but "not identical" (internal quotation marks and citation omitted)); *Bost*, 607 U.S. at 78 ("Voters, to be sure, also have a general interest in an accurate vote tally. But a candidate's interest differs in kind." (internal citation and quotation marks omitted)).

Finally, the instant request is timely. It comes the day after Commissioner Koski moved to dismiss, and this Court has accepted amicus submissions filed months after the motion at issue. *See Powhatan Energy Fund*, 2017 WL 11682615, at *2.

For these reasons, this Court should grant the DNC's motion for leave to file a brief as amicus curiae.

Respectfully submitted,                                    Dated: May 20, 2026


John F. Preis (VSB # 45764)                    Daniel J. Freeman*
7719 Rock Creek Road                           Democratic National Committee
Henrico, VA 23229                              430 South Capitol Street SE
(804) 289-8662                                 Washington, DC 20003
jpreis@richmond.edu                            (202) 863-8000
                                               freemand@dnc.org

                                               *Pro Hac Vice Application*
                                               *Forthcoming*


*Counsel for Amicus Curiae Democratic National Committee*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on May 20, 2026 via electronic mail.

John F. Preis
7719 Rock Creek Road
Henrico, VA 23229
(804) 289-8662
jpreis@richmond.edu

Dated: May 20, 2026