# EXHIBIT B

## Schedule A

## PREFATORY STATEMENT AND STIPULATIONS

The Plaintiffs agree that Defendants' compliance with Paragraph E fulfills their obligations under the Court's May 20 and May 27 Orders subject to the following provisions: Plaintiffs reserve their right to request additional information, including information listed in Paragraph D of Schedule A if circumstances warrant. Defendants reserve their right to object to any such request. Plaintiffs and Defendants agree to the production of all information in paragraph B except: Defendants object to the production of birth dates, places of birth, telephone numbers, email addresses, and registration dates because they represent nonpublic voter information and for the reasons stated in their discovery response objections and in their oral and written opposition to Plaintiffs' Motion to Compel. Notwithstanding, Defendants recognize that the production of these categories has been ordered by the Court and yield to their inclusion in this Schedule A.

Additionally: the Parties stipulate:

- The Defendants will not argue that any analysis is incomplete or incorrect based on the exclusion from any data of confidential voters.

- The Defendants will not rely on any arguments related to data from DMV or DOC in this litigation unless that data is produced.

- The Defendants will not argue that any analysis is incomplete or incorrect based on any Statewide Voter Registration System ("SVRS") data, data field information, or structural aspects of the SVRS that are not previously produced to Plaintiffs as part of this agreement.

- Given the live nature of the SVRS and the static nature of the contemplated production of .csv files, the Defendants experts will not rely on discrepancies between the data

provided to Plaintiffs and subsequent changes to the SVRS to argue that any analysis is incomplete or incorrect.

- The Plaintiffs acknowledge that the Defendants will not be conducting a search for responsive material in the SVRS. Defendants will be producing data maintained in the SVRS according to data field tables as summarized in paragraph B below.

New Hampshire's SVRS is a comprehensive election management system, the disclosure of which has been ordered by the Court over the Defendants' objections. Endorsed Order (May 20, 2025); Mem. Order ECF No. 75 (May 27, 2025) (the "SVRS Orders"). Protective Order Schedule A hereby modifies the SVRS Orders as follows:

A. Data derived from the SVRS system, as described below, shall be designated HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEYS, EXPERTS, & AUTHORIZED EYES ONLY.

B. Defendants must produce all voter registration information (for all voters in the database who had not been removed from the database prior to January 1, 2016) from January 1, 2016 to present which, at a minimum, will include the following information:

- name
- unique voter ID number
- date of birth
- place of birth
- naturalization information (name of court, city/town, state, date naturalized)
- mailing addresses
- domicile addresses
- voter histories (status changes/reasons, name changes)
- voter out-of-state driver's license two-letter state abbreviation in the election history file
- election history (which shows each election in which a voter voted, absentee ballot voting, election dates, election names, election categories, ballot types, party affiliations, and whether voter has a CVA on file with local authorities)
- QVA use for age, identity, or citizenship after 4/29/24 and QVA use for identity and citizenship before 4/29/24
- telephone numbers
- e-mail addresses
- registration date

- 30-day letters and 10-year verifications if not reflected in voter or election histories as provided above
- type of document used to prove identity or citizenship when registering
- prior histories such as previous names, addresses, and party affiliation
- information regarding data maintenance and management (i.e., absentees, changes, voter audits, etc.)

C.  Defendants will produce the following upon Plaintiffs' request for specific individual voters:

- absentee mailing address
- voter documents (if assigned to a voter)

D.  The following SVRS information is excluded from the Court's SVRS Orders:

- voter Social Security Numbers
- confidential voter information (voters registering confidentially due to domestic violence, sexual assault, or stalking)
- absentee management information (deadlines and organization)
- election information not related to individual voters
- UOCAVA information
- local election official reminders
- ballot memos
- election management and procedures (quality control, poll worker information, polling place inventories and logistics) but to the extent any of this information pertain to QVA usage, voter qualifications, CVA use or adjudication, or other relevant information, it must be disclosed
- election result reporting protocols
- ballot specifications
- SVRS data maintenance, management, and auditing information
- geographical database address mapping
- election official/supervisor/registrar meetings
- petitions information
- voting machine information and inventories
- logs, templates, and queries
- report status queues
- draft correspondence
- candidate information
- redistricting information
- inter-agency transmission information
- modules and information managing password-like access management, authentication protocols, and permissions

E.  The Defendants must comply with this modified SVRS Order within 10 days of the Court's entry of this Protective Order

Page 3 of 3