**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>      v.<br><br>STEVEN KOSKI, in his Official Capacity as<br>Commissioner of the Virginia Department of<br>Elections,<br><br>                    Defendant. | No. 3:26-cv-00042-RCY |

**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED
PEOPLE AND NAACP VIRGINIA STATE CONFERENCE'S
MOTION FOR LEAVE TO FILE SECOND NOTICE OF SUPPLEMENTAL
AUTHORITY**

Defendant-Intervenors NAACP and NAACP Virginia State Conference ("NAACP Intervenors") respectfully move for leave to provide the Court notice of further supplemental authority supporting Defendant-Intervenors' pending Motion to Dismiss. *See* ECF No. 48 (Mot. to Dismiss); ECF No. 49 (Mem. Supp. Mot. to Dismiss). Two days ago, in DOJ's parallel suit seeking Michigan's unredacted voter list, the Sixth Circuit affirmed dismissal of DOJ's complaint on two grounds.

First, the Sixth Circuit held that a statewide voter list "is an internally generated electronic database, not a record acquired from an outside source," and so did not "come into" the possession of election officials, as required to be covered by the Civil Rights Act of 1960 ("CRA"). *United States v. Benson*, No. 26-1225, 2026 WL 1815425, at *5 (6th Cir. June 24, 2026) (attached as Exhibit 1). In reaching this conclusion, the court looked to dictionary definitions, ordinary usage, and statutory context. *Id.* at *4–6. The court explained that construing the CRA to cover voter lists,

1

as DOJ urges, would put the CRA "on a collision course with the NVRA and HAVA," because those statutes require election officials to "constantly change" voter lists, while the CRA makes it a crime to "alter" any covered records. *Id.* at *5–6. The court also explained that reading the CRA to extend to all records *in* the possession of election officials would render the phrase "come into" superfluous. *Id.* at *6. And the court rejected many of the same counterarguments DOJ advanced here, including its reliance on *Department of Justice v. Tax Analysts*, 492 U.S. 136 (1989). The court explained that the broad construction of "agency records" in *Tax Analysts* to include materials that an agency "create[s] or obtain[s]" "provides no insight about the narrower term 'come into . . . possession,' as Title III uses it" under the CRA. *Benson*, 2026 WL 1815425, at *7 (citing *Tax Analysts*, 492 U.S. at 144); *see* ECF No. 58 at 9.

Second, the Sixth Circuit alternatively held that, even if the CRA could reach a State's voter list, DOJ failed to state both the basis and the purpose for its demand in a single letter, as the CRA requires. *Benson*, 2026 WL 1815425, at *8.

DOJ's position has now been rejected by ten federal courts, including one court of appeals. Not a single court has concluded that DOJ stated a viable claim. Faced with this unanimous and growing body of authority, this Court should likewise dismiss DOJ's complaint as a matter of law.

Dated: June 26, 2026

Respectfully submitted,

*/s/ Aria C. Branch*
Aria C. Branch, VSB #83682
Richard A. Medina, DC Bar No. 90003752*
Kevin R. Kowalewski, NY Bar No. 5946645*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
F: (202) 968-4498
abranch@elias.law
rmedina@elias.law
kkowalewski@elias.law

Walker R. McKusick, WA Bar No. 63205*
**ELIAS LAW GROUP LLP**
T: (206) 656-0177
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
wmckusick@elias.law

* Admitted *Pro Hac Vice*
*Counsel for NAACP Intervenors*

3

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 26th day of June, 2026, with a copy of this document via the Court's CM/ECF system.

*/s/ Aria C. Branch*
Aria C. Branch, VSB #83682
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
F: (202) 968-4498
abranch@elias.law

*Counsel for NAACP Intervenors*

4