**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>STEVEN KOSKI, in his official capacity as Commissioner of the Virginia Department of Elections,<br><br>   Defendants. | Case No. 3:26-cv-00042-RCY |

**UNITED STATES' RESPONSE TO SUPPLEMENTAL AUTHORITY
(Dkt. 71)**

The United States hereby responds to Intervenor-NAACP and NAACP Virginia State Conference's Notice of Supplemental Authority filed June 26, 2026.

In a split decision in *United States v. Benson*, 2026 WL 1815425 (6th Cir. June 24, 2026), the court held that for purposes of Title III of the Civil Rights Act of 1960 ("CRA"), Michigan's SVRL is not a record that "come[s] into [the] possession" of an "officer of election," 52 U.S.C. § 20701, because it is "internally generated . . . , not a record acquired from an outside source." 2026 WL 1815425, at *5. The court further stated that officers of election need not retain and preserve the SVRL because "the NVRA and HAVA *require* Michigan election officials to alter [it] routinely." *Id.*

As Judge Nalbandian's dissent pointed out, the CRA contains no "external-source limitation." *Id.* at *10 n.3. The historical backdrop against which Title III was passed belies any

such limitation. *See id.* at *11. The majority's reading would also produce bizarre results as it would exclude self-generated lists designating registrants "by race." *Id.* at *11 n.7. But even accepting an external-source limitation, Title III's "focus[] on individual 'officer[s] of election' " means that even if "Benson's employees generated the [SVRL]—and therefore didn't 'come into . . . possession' of the list themselves—Benson nonetheless 'c[a]me into . . . possession' of the file when her employees sent it to her." *Id.* at *11 (citations omitted; alterations in original).

*Benson* also held that the Attorney General's demand was inadequate because the required statement of the basis and purpose was spread out over multiple letters. *See id.*, at *8. "The majority strain[ed] to bifurcate the two letters into discrete 'demands,' " but that approach "shuns the common-sense inquiry of whether the DOJ put Michigan on notice." *Id.* at *12-13 (Nalbandian, J., dissenting). "[T]he Attorney General needn't articulate a basis and a purpose in a single communication." *Id.* at *13 (citing 52 U.S.C. § 20703).

Dated: July 1, 2026

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section

/s/ James T. Catania
James T. Catania; NJ Bar #308882022
Raymond Yang
Civil Rights Division
150 M Street, 8th Floor
Washington, D.C. 20002
(202) 812-2631
James.Catania@usdoj.gov