UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

STEVEN KOSKI, in his Official Capacity as
Commissioner of the Virginia Department of
Elections,

          Defendant.

No. 3:26-cv-00042-RCY

**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED
PEOPLE AND NAACP VIRGINIA STATE CONFERENCE'S
MOTION FOR LEAVE TO FILE THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant-Intervenors NAACP and NAACP Virginia State Conference ("NAACP Intervenors") respectfully move for leave to provide this Court notice of additional supplemental authority supporting Defendant-Intervenors' pending Motion to Dismiss. *See* ECF No. 48 (Mot. to Dismiss); ECF No. 49 (Mem. Supp. Mot. to Dismiss). In total, thirteen district courts have now dismissed Plaintiff's complaints in these matters, and one court of appeals has affirmed such a dismissal. No court has found that DOJ has stated a valid claim.

Specifically, NAACP Intervenors notify this Court of the following decisions: (1) *United States v. Warner*, No. 2:26-cv-00156, 2026 WL 2018877 (S.D.W. Va. July 13, 2026) **(attached as Exhibit 1)**; (2) *United States v. Schmidt*, No. 2:25-cv-01481, 2026 WL 1850016 (W.D. Pa. June 27, 2026) **(attached as Exhibit 2)**; (3) *United States v. Scanlan*, No. 25-cv-371, 2026 WL 1864054 (D.N.H. June 29, 2026) **(attached as Exhibit 3)**; and (4) *United States v. Bd. of Elections of N.Y.*, No. 25-cv-1338, 2026 WL 1999921 (N.D.N.Y. July 10, 2026) **(attached as Exhibit 4)**.

The decision in *Warner* is the second by a federal court within the Fourth Circuit to dismiss

1

a parallel suit by DOJ, this one demanding West Virginia's unredacted statewide voter registration list. The court first found that the Federal Rules of Civil Procedure apply, emphasizing "[n]othing in the text of Title III of the CRA establishes a special statutory proceeding." *Warner*, 2026 WL 2018877 at *2. In joining the judicial consensus, the court relied on *United States v. Powell*, 379 U.S. 48 (1964), as well as cases in the Fourth Circuit applying *Powell*. *See Warner*, 2026 WL 2018877, at *2 (citing *United States v. Newport News Shipbuilding & Dry Dock Co.*, 837 F.2d 162, 165–66 (4th Cir. 1988); *E.E.O.C. v. Md. Cup Corp.*, 785 F.2d 471, 475–76 (4th Cir. 1986)).

On the merits, the court found that DOJ failed to comply with Title III's explicit "basis and purpose" requirements. *See Warner*, 2026 WL 2018877, at *3–8. It first explained that the "ordinary meaning" of the term "basis" dictates that a Title III basis must be factual, *id.* at *3–4, rejecting DOJ's argument that "a recitation of the statute itself" may suffice, *id.* at *4. The court found that, "[c]learly, [DOJ's] demand is devoid of any factual basis." *Id.* As for the purpose, DOJ's demand stated the purpose was "to ascertain West Virginia's compliance with the list maintenance requirements of the NVRA and HAVA." *Id.* at *6 (quoting DOJ demand letter). The court held that a valid purpose within the scope of Title III must "relate[] to an investigation into potential violations of an individual's right to vote," rejecting the implication that "generalized nationwide concerns" about list maintenance could meet this standard. *Id.* at *7. The court stressed that the NVRA and HAVA—the statutes that DOJ claims it seeks to enforce—have their own enforcement mechanisms, and it is those mechanisms that are available to DOJ for this purpose. *See id.* at 7 & n.8. Lastly, the court recognized that the private voter information that DOJ seeks is not necessary to ensure that states are complying with their list maintenance obligations under the NVRA or HAVA. *See id.* at *7–8. The court dismissed DOJ's complaint and denied its motion to compel. *Id.* at *8.

*Warner* followed closely on the heels of ***Schmidt***, ***Scanlan***, and ***Board of Elections of New York***, three more federal district court decisions that similarly dismissed DOJ's complaints in parallel lawsuits seeking the unredacted voter files of Pennsylvania, New Hampshire, and New York, respectively, in recent weeks. *See Schmidt*, 2026 WL 1850016; *Scanlan*, 2026 WL 1864054; *Bd. of Elections of N.Y.*, 2026 WL 1999921.


Dated: July 14, 2026                    Respectfully submitted,

/s/ Aria C. Branch
Aria C. Branch, VSB #83682
Richard A. Medina, DC Bar No. 90003752*
Kevin R. Kowalewski, DC Bar No. 90045467*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
F: (202) 968-4498
abranch@elias.law
rmedina@elias.law
kkowalewski@elias.law

Walker R. McKusick, WA Bar No. 63205*
**ELIAS LAW GROUP LLP**
T: (206) 656-0177
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
wmckusick@elias.law

* Admitted *Pro Hac Vice*
*Counsel for NAACP Intervenors*

3

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 14th day of July, 2026, with a copy of this document via the Court's CM/ECF system.

*/s/ Aria C. Branch*
Aria C. Branch, VSB #83682
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
F: (202) 968-4498
abranch@elias.law

*Counsel for NAACP Intervenors*